UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

HELEN SWARTZ, Individually,                :
                                           :
            Plaintiff,                     :
                                           :    Case No.:  1:24-cv-5122
vs.                                        :
                                           :
WEST 63 EMPIRE ASSOCIATES, LLC, a          :
Delaware Limited Liability Company,        :
                                           :
            Defendant.                     :
─────────────────────────────────────/ :


## AMENDED COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other

individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant,

WEST 63 EMPIRE ASSOCIATES, LLC, a Delaware Limited Liability Company, for Injunctive

Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and for damages pursuant to N.Y. Exec.

Law Section 296, et seq. and New York Civil Rights Law § 40, et seq.

## COUNT I

1.      The Empire Hotel is located at 44 West 63rd Street, New York, NY 10023 (hereafter

referred to as the property, subject property, or hotel).

2.      Defendant WEST 63 EMPIRE ASSOCIATES, LLC, owns and/or operates the

subject property.

3.      Venue is properly located in the Southern District of New York because venue lies

in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis, is mobility impaired, and uses an electric scooter to ambulate.

6.      Helen Swartz was born and raised in New York City and visits the New York area an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores.  Her younger daughter lives and works in Greenwich Village, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City. When Ms. Swartz is in New York City her eldest daughter and granddaughter often take the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

7.      Helen Swartz was a guest of the subject hotel from May 30, 2024, to May 31, 2024, and plans to return to the property on December 17, 2024, if the property is made accessible by then.

8.      The Plaintiff also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property which have

2

impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

9.      Defendant WEST 63 EMPIRE ASSOCIATES, LLC owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Empire Hotel which is located at 44 West 63rd Street, New York, NY 10023.

10.      Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations set forth in this Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

11.      Helen Swartz has visited the subject property and desires to visit the subject property in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.      The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.      The Defendant has discriminated, and are continuing to discriminate, against the

Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14.     A preliminary inspection of the subject property has shown that violations exist. The violations that Ms. Swartz has personally observed or encountered include but are not limited to the following paragraphs:

15.     The hotel does not provide the required amount of compliant accessible guest rooms (including the required amount of guest rooms with roll-in showers).

16.     This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

17.     The hotel's accessible rooms are not dispersed among the various classes of accommodations.

18.     While the hotel offers superior king rooms, standard queen rooms, double bed express rooms, king deluxe rooms, superior rooms with 2 double beds, superior rooms with 2 queen beds, deluxe rooms with 2 double beds, junior suites with 1 king bed, junior suites with 2 double beds, one bedroom corner suite with king bed, one bedroom corner suite with 2 queen beds, and deluxe one bedroom king suite, the only accessible room type available is a single king room.

15.     This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304, whose resolution is readily achievable.

16.     The accessible features of the facility are not maintained.

17.     This creates barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211, whose resolution is readily achievable.

18.     The hotel entrance does not have the proper signage directing disabled individuals

to the accessible hotel entrance.

19.     Same is a violation of ADAAG 216.

20.     The operable mechanism of the credit card reader at the front desk is mounted in excess of 48 inches high.

21.     Same is a violation of ADAAG 308 and 309.

22.     In the hotel lobby, the check in counter is more than 38 inches high, and there is no lowered section at least 24 inches wide for use by disabled individuals.

23.     This makes it difficult for a person in a wheelchair or scooter to access, and is in violation of section 904.3.2 of the 2010 ADA Standards.

24.     The lobby staircase does not have 12 inch extensions on the bottom of the handrails.

25.     Same prevents a person with limited mobility from accessing the stairs safely, and is in violation of section 505 of the 2010 ADA standards.

26.     The bar counter at the hotel's Empire Rooftop Bar exceeds the maximum height requirement of 34 inches above the finish floor.

27.     This is in violation of section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

28.     The bar at the hotel's Empire Rooftop Bar does not provide compliant knee and toe clearance.

29.     This is in violation of sections 902.2, 306.2, and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

30.     In fact, there is no accessible seating whatsoever at the hotel's Empire Rooftop Bar.

31.     Same prevents a person in a wheelchair from comfortably dining nor having a drink at the bar, and is in violation of the 2010 ADA Standards, Section 226.1.

32.     Moreover, there was no accessible path to the Empire Rooftop Bar's patio area. Rather, accessible access thereto was prevented by 2 steps with no other accessible path.

33.     Same prevented the Plaintiff herein from accessible the patio area, and is in violation of ADAAG sections 303 and 403, whose resolution is readily achievable.

34.     In the hotel's accessible guest room 837, the towel/robe hook on the bathroom door is mounted in excess of 48 inches high.

35.     Same makes the hook essentially useless by anyone in a wheelchair, and is in violation of ADAAG section 308, whose resolution is readily achievable.

36.     In the hotel's accessible guest room 837, the towel rack in the shower is mounted in excess of 48 inches high.

35.     Same makes the rack essentially useless by anyone in a wheelchair, prevents a disabled individual from reaching the towels stored there, and is in violation of ADAAG section 308, whose resolution is readily achievable.

36.     In the hotel's accessible guest room 837, there is an unbeveled change in level in excess of 1/4 inch to enter the guest room's bathroom.

37.     Same makes it both difficult and unsafe to enter the bathroom, and is in violation of the 2010 ADA Standards Section 303, whose resolution is readily achievable.

38.     The roll-in shower in the hotel's guest room 837 is improperly configured in numerous respects.

39.     There is a towel bar (rather than a grab bar) on the wall opposite the folding seat where there is supposed to be a grab bar. Conversely, there is a grab bar behind the folding seat

where there is not supposed to be a grab bar.

40.     Same is in violation of 2010 ADA Standards section 608.3, whose resolution is readily achievable.

41.     There is no clearance to transfer onto and off of the shower's folding seat as same is blocked by a wall.

42.     Same is in violation of 2010 ADA Standards section 608.2, whose resolution is readily achievable.

43.     The handheld shower spray unit is mounted in excess of 48 inches high.

44.     Same makes the shower spray unit impossible or difficult to reach in violation of 2010 ADA Standards section 308.2, whose resolution is readily achievable.

45.     The shower controls are improperly located, and are difficult for a disabled individual to use.

46.     Same is in violation of 2010 ADA Standards section 608.5, whose resolution is readily achievable.

47.     The shower's handheld shower spray unit does not have a non-positive shutoff.

48.     Same makes the shower more difficult for a disabled individual to use, and is in violation of 2010 ADA Standards section 608.6, whose resolution is readily achievable.

49.     The shower's back wall grab bar does not extend to within 6 inches of the side wall (whether the side wall or the corner wall), and there is no grab bar on the corner wall.

50.     Same is in violation of 2010 ADA Standards section 608.3, whose resolution is readily achievable.

51.     The flush control for the toilet in the hotel's accessible guest room 837 is not on the open side of the toilet.

52.     This is in violation of section 604.9.5 of the 2010 Standards for Accessible Design, whose resolution is readily achievable.

53.     There is not 56 x 60 inches of clear floor space around the hotel's accessible toilet in guest room 837 as same is blocked by both a wall and an amenities cart.

54.     Same is a violation of the 2010 ADA Standards section 604.3.1.

55.     In the hotel's accessible guest room 837, the bottom edge of the reflecting surface of the bathroom mirror above the sink is more than 40 inches above the floor.

56.     Same makes it difficult for Plaintiff to use in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

57.     The shelf where the extra toilet paper is held in the hotel's accessible guest room 837 is mounted in excess of 44 inches high for an obstructed reach.

58.     Same makes the extra toilet paper difficult or impossible to reach, and is in violation of ADAAG section 308.2, whose resolution is readily achievable.

59.     In the hotel's accessible guest room 837, the floor lamp control requires tight grasping, pinching, or twisting of the wrist to operate.

60.     This makes it difficult for the plaintiff to operate the lamp in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

61.     In the hotel's accessible guest room 837, the curtain controls require tight grasping, pinching, or twisting of the wrist.

62.     This makes it difficult for the plaintiff to operate the curtains in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

63.     There is no clear floor space of 30 inches by 48 inches on both sides of the bed in the hotel's accessible guest room 837.

64.     This makes it difficult for the plaintiff to get on and off of the bed, in violation of sections 806.2.3 and 305 of the ADA Standards, whose resolution is readily achievable.

65.     There operable mechanism of the room safe in the hotel's accessible guest room 837 is mounted less than 15 inches above the floor.

66.     Same makes it difficult for a disabled individual to access, and is in violation of section 308.2.1 of the 2010 ADA Standards.

67.     The closet rod in the hotel's accessible guest room 837 is mounted in excess of 48 inches high.

68.     Same makes it difficult for the plaintiff to reach in violation of section 308.3.1 and 308.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

PUBLIC BATHROOMS

19.     In the hotel's accessible guest room 908, there is not 56x60 inches of clear floor space surrounding the toilet, as such clear floor space is blocked by the sink.

20.     Same is a violation of ADAAG 604.3.1.

21.     The toilet's rear grab bar in guest room 908 is less than 36 inches long, and does not extend at least 24 inches from the centerline of the toilet on one side.

22.     Same is in violation of ADAAG 604.5.2.

20.     The flush control for the toilet in the hotel's accessible guest room 908 is not on the open side of the toilet.

21.     Same is a violation of ADAAG 604.9.5.

21.     The bath towels and towel rack in the hotel's accessible guest room 908 are mounted in excess of 48 inches high.

22.     The centerline of the toilet paper dispenser in the hotel's accessible guest room 908 is mounted in excess of 9 inches in front of the toilet.

23.     Same is a violation of ADAAG 604.7.

23.     The shower controls are located on the wall opposite the shower seat, rather than the wall adjacent thereto and within 27 inches of the wall containing the shower seat.

24.     Same is a violation of ADAAG 608.5.2

24.     The handheld shower spray unit does not have a on/off control with a non-positive shut off.

25.     Same is a violation of ADAAG 607.6.

26.     In the hotel's accessible guest room 908, there is not 30 x 48 inches of clear floor space on both sides of the bed.

27.     Same is a violation of ADAAG 806.2.3 and 305.

27.     The window shade controls in the hotel's accessible guest room 908 require tight grasping to operate.

28.     The hotel's public accessible restroom did not have 56 x 60 inches of clear floor space surrounding the toilet, as same was obstructed by the sink.

29.     The rear toilet grab bar in the hotel's public accessible restroom was less than 36 inches in length, and did not extend at least 24 inches from the centerline of the toilet on one side.

30.     Same is in violation of ADAAG 604.5.2.

31.     The toilet seat dispenser in the hotel's public accessible restroom is located less than 12 inches above the toilet's rear grab bar.

32.     Same is a violation of ADAAG 609.3.

33.     The rug in the hotel's dining area is not securely attached.

34.     Same is in violation of ADAAG 302.2.

79.     The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

80.     The discriminatory violations described above are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the

ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

81.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

82.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney=s fees, costs

and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

83.    Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

84.    Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

85.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter OYO Times Square to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendants

at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendants to maintain its accessible features.

c.     An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

86.     Plaintiff realleges all prior allegations as if fully set forth herein.

87.     New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or ***disability*** or marital status of any person, directly

14

or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

88.     For the purposes of the foregoing paragraph, "discriminatory practice" includes:

A.      A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

B.      A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

C.      A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

89.     Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

90.     Due to Defendants' discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

91.     A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

92.     New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

93.     Defendant's property is a place of public accommodation as defined in §40.

94.    N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, Corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendants shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

95.    Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

96.    By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

97.    Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated:  July 5, 2024                    Respectfully submitted,

                                        */s/  Brandon Rotbart*
                                        Brandon A. Rotbart, Esq.
                                        LAW OFFICE OF BRANDON A. ROTBART, P.A.
                                        11098 Biscayne Blvd., Suite 401-18
                                        Miami, FL 33161
                                        Phone: (305) 350-7400
                                        rotbart@rotbartlaw.com
                                        *Counsel for Plaintiff Helen Swartz*